## HALBECK *a.* THE MAYOR, &c., OF NEW YORK.

*New York Common Pleas; General Term, December*, 1859.

OFFICER.—ACTION FOR SALARY.—EVIDENCE.

What is sufficient evidence that an officer has taken his oath of office?

In an action to recover an officer's salary, where it is not shown that he rendered any services, but his readiness to do so if he had been required is relied on, it is necessary to prove that he was duly qualified.[*]

Appeal from a judgment.

BRADY, J.—Edwin Bouton, the plaintiff's assignor, was appointed clerk of the First District Police Court, on the 31st December, 1857, by the Mayor, Aldermen, and Commonalty of this city, under and by virtue of an act of the Legislature, passed April 10, 1855 (*Session Laws*, 502). Prior to his appointment, and on the 15th April, 1857, the Legislature passed the act to establish a Metropolitan Police District, and to provide for the government thereof, and by section 29 of that act conferred upon a Board of Police the power of appointment of all clerks to the judicial districts in which police-justices were elected, and declared it to be their duty to designate the court at which such clerks should do duty. Bouton having thus been appointed, commenced his duties as he states on the 3d January, 1858, and did every thing, and performed every duty that he was asked to do or perform by the justice of the court holding the same. Whether he was ever asked to do any thing in fact, or whether he ever did any thing in fact as a police-clerk, does not distinctly appear from the evidence contained in the return. The action is brought to recover for two months' salary, at the rate of $1250 per annum; and Bouton having assigned the claim, appeared as witness for the plaintiff. The defendants set up as a defence that they had no power to appoint Bouton, such power residing

---

[*] Compare People *on rel.* Morton *a.* Tieman (8 *Ante*, 359).

only in the Board of Police already mentioned; and on the trial they insisted that Bouton having failed to prove that he had taken the oath of office, the plaintiff could not recover. Bouton stated that he had taken the oath of office, and that a memorandum in writing at the foot of the certificate of his appointment, signed by the secretary of the meeting of the Mayor and Aldermen, at which the appointment was made, was in the handwriting of Fernando Wood, mayor of New York. The memorandum was as follows: "Sworn before me this 31st day of December, 1857, Fernando Wood, Mayor." The testimony thus given, was objected to by the defendants, upon the ground that it was not "sufficient or proper to prove the fact that the plaintiff had taken the oath of office," and "that the paper did not on its face purport to be an oath of office."

Every person who shall be elected or appointed to any civil office or public trust embraced in this chapter, before he shall enter on the duties of such office or trust, shall take the following oath: "I do solemnly swear (or affirm, as the case may be), that I will support the constitution of the United States, and the constitution of the State of New York, and that I will faithfully discharge the duties of the office of —— according to my best ability." (1 *Rev. Stat.*, 114, § 20, 5th ed., 410, § 24.)

By the following section it is proved that such oath, when a different time shall not be prescribed by law, shall be taken and subscribed within fifteen days after the officer shall be notified of his election or appointment, or within fifteen days after the commencement of his term of office.

The chapter referred to is chapter 5, of part 1 of the Revised Statutes, and is, Of public officers in this State, other than militia or town officers; their election or appointment; their qualifications and the tenure of their offices (1 *Rev. Stat.*, vol. i., 95, 5th ed., 378); and embraces the clerks of the Police Courts. Every such oath duly certified by the officer before whom the same was taken, shall be deposited, if taken by an officer elected or appointed for any county or city, in the office of the clerk of the county in which he resides. (1 *Rev. Stat.*, 129, § 24, 5th ed., 411, § 29.) And every office shall become vacant upon the refusal or neglect of the officer to take the oaths of office within the time required by law. (1 *Rev. Stat.* 122, § 34, 6th ed., 413, § 40.)

The statute contemplates and requires that the oath shall be in writing, and taken and subscribed by the officer, and filed in the office of the clerk of the county, or other place designated by the statute, and imposes as a penalty, either for refusal or neglect to comply with that requirement, the vacating of the election or appointment. The proof offered by the plaintiff was wholly insufficient. It does not appear to what Bouton swore; whether he took the oath of office required by the statute or not; and it is evident that he did not take and subscribe that oath, as required by law. He was, it appears, notified of his appointment on the 31st December, 1857, and on that day took some oath, but what, does not appear. Having omitted to prove that he took the oath of office, mentioned *supra*, within the fifteen days, and no other time having been prescribed by law, the presumption is that his office became vacant on the 15th of January, 1858; and the plaintiff cannot recover for any period, because the statute is imperative that the officer shall, before he enters upon the duties of his office, take the oath to support the constitution, &c., as in the form prescribed. The plaintiff's assignor had no claim, therefore, against the defendants. He had not qualified himself, and his office became vacant. As between him and the defendants, he must show a clear demand, whatever may be determined as to his acts *inter alias;* and not having done so, his claim falls to the ground. The defendants are not estopped from insisting that he shall show a right to recover. They cannot repeal the statute; and the Legislature having declared the office vacant, Bouton was not entitled to the compensation fixed by statute.

From this view of this appeal, it is not necessary to examine any other question presented.